■    MICHAEL MILLER et al., Respondents, v VALLEY FORGE VILLAGE, Appellant.—In an action to declare certain rules of a mobile home park unenforceable, defendant appeals from so much of a judgment of the Supreme Court, Suffolk County, entered November 30, 1976, after a nonjury trial, as declared that rules 4 and 14 are unenforceable. Judgment affirmed insofar as appealed from, with costs. Plaintiffs own their own mobile homes, which are placed on land leased from defendant. It was found that a list of rules was given to plaintiffs before they moved into the park. Rule 4 forbade the display of "For Sale" signs on mobile homes being sold by tenants leasing land in the defendant's park. Rule 14 required tenants to obtain the consent of their neighbors, and the consent of defendant, before installing air conditioners in their mobile homes. Both rules are unenforceable as violative of provisions of section 233 of the Real Property Law. Rule 4 contravenes section 233 (subd f, par 3, cl [e]) of the Real Property Law, which provides that a mobile home park owner or operator shall not deny mobile home tenants the right to sell their homes within the park. The guaranty of the right of sale incidentally guarantees the right to employ methods commonly used to sell residential property. Rule 14 contravenes section 233 (subd f, par 3, cl [b]) of the Real Property Law, which authorizes the installation of electric appliances, so long as installation complies with building codes and applicable law, as an air conditioner is an "appliance". Cohalan, J. P., Hawkins and O'Connor, JJ., concur; Mollen, J., dissents and votes to reverse the judgment insofar as it is appealed from and to declare that rules 4 and 14 are enforceable, with the following memorandum: The defendant is the owner and operator of a mobile home park, Valley Forge Village (hereinafter referred to as the Valley), which is located in Suffolk County. There are 164 mobile homes contained in the Valley. The plaintiffs have situated their mobile homes on five sites which they rent from defendant. The trial court found that at the time of entering into the lease each plaintiff had signed a pamphlet containing rules and regulations beneath a statement saying that they had read the rules and regulations and agreed to abide by them. The trial court found that the rules in dispute had been signed by and uniformly applied to all owners of the mobile homes. It was stipulated that there were 25 other residents of the Valley present in the courtroom, who, if called to testify, would testify that they were familiar with the rules and regulations of the Valley at the time they leased their sites for their mobile homes; that they were and continued to be in favor of these rules and regulations; and that they would not have leased their sites and placed their mobile homes upon those sites if these rules and regulations were not in effect. Furthermore, more than 100 residents of the Valley signed a petition requesting that the rules and regulations be preserved as they presently exist. I shall now address myself to the two rules which are in dispute. Rule 4 provides, insofar as is pertinent herein, as follows: "No 'For Sale' signs may be shown or displayed." Plaintiffs contend that this rule is violative of section 233 (subd f, par 3, cl [e]) of the Real Property Law, enacted subsequent to the signing of the agreement, which provides as follows: "No mobile home park owner or operator shall deny any mobile home tenant the right to sell his mobile home within the mobile home park provided the mobile home tenant shall give to the mobile home park owner or operator twenty days' written notice of his intention to sell,

or require the mobile home owner to remove the mobile home from the mobile home park solely on the basis of the sale thereof. The mobile home park owner or operator may reserve the right to approve the purchaser of said mobile home as a mobile home tenant for the remainder of the seller's term but such permission may not be unreasonably withheld and the mobile home park owner or operator shall not exact a commission or fee with respect to the price realized by the seller unless the mobile home park owner or operator has acted as agent for the mobile home owner in the sale pursuant to a written contract." With regard to this rule, Mrs. Alice Skiffington testified that she resided at the Valley and that she was employed by the Valley to oversee its general operation; that the purpose of rule 4 was to prevent strangers from wandering through the Valley ostensibly to ascertain which homes, if any, were for sale; that there had been instances of thefts from the yards of some of the mobile home sites; that a number of persons residing in this mobile park were elderly people; and that the purpose of the rule was to protect the lives, safety and property of the residents. In short, she testified that this rule was promulgated to obviate the likelihood that strangers would wander through the Valley area for the ostensible purpose of seeking to ascertain which mobile homes, if any, were for sale. There are no restrictions as to the rights of the tenants to sell their mobile homes. In my judgment rule 4 does not violate section 233 of the Real Property Law. It does not "deny any mobile home tenant the right to sell his mobile home within the mobile home park". It merely provides a reasonable regulation which has as its purpose the safety and welfare of all of the residents of that community. Recently (May 2, 1977), the Supreme Court held that a municipality may not prohibit the posting of "For Sale" signs (*Linmark Assoc. v Township of Willingboro*, 429 US 938). The court held that such prohibition was a violation of the First Amendment rights of the petitioners therein. I note that in the instant matter, State or government action or prohibition is not involved. Rather, we have an agreement voluntarily entered into between private parties for their mutual benefit. Rule 14, also challenged by plaintiffs, provides as follows: "Window air conditioners must be approved by the Management. Because of the noise factor, a written note of approval from your neighbor on the side the unit is to be installed must be on file with the management before the unit can be installed into the mobile home." The trial court found this rule violated section 233 (subd f, par 3, cl [b]) of the Real Property Law, which provides, insofar as is pertinent, as follows: "No mobile home park owner or operator shall charge any mobile home tenant who chooses to install an electric or gas appliance in his mobile home an additional fee solely on the basis of such installation unless such installation is performed by the mobile home park owner or operator at the request of the mobile home tenant, nor shall the mobile home park owner or operator restrict the installation, service or maintenance of any such appliance". I do not find rule 14 violative of the above-quoted provision of section 233. I believe it to be a reasonable regulation, which has as its purpose the mutual convenience and well-being of all of the tenants, and the avoidance of the creation of a nuisance as to neighboring tenants. I find this rule to be supplemental to, rather than in conflict with, the afore-stated section of the Real Property Law. I note that there is no contention by plaintiffs that the defendant has refused to approve the installation of any air conditioners. In fact, plaintiff Miller testified that she had no objection to the requirement of obtaining management approval, as long as it was not unreasonably withheld. I further note that subdivision 5 of section 233 provides as follows: "Rules and

regulations. 1. A mobile home park owner or operator may promulgate rules and regulations governing the rental or occupancy of a mobile home lot provided such rules and regulations shall not be unreasonable, arbitrary or capricious. A copy of all rules and regulations shall be delivered by the mobile home park owner or operator to the mobile home tenant prior to his signing the lease or rental agreement." Thus, the clear legislative intent was to permit the promulgation of rules and regulations which are not unreasonable, arbitrary or capricious. In summary, rules 4 and 14 were made known to and agree to by all tenants, including plaintiffs, prior to the signing of the leases; the overwhelming majority of the tenants desire these rules to continue to remain in effect; the clear purport and intent of these rules is the mutual benefit and welfare of all of the tenants; there has been no proof of abuse of the rights of any tenant, nor any allegations to that effect. Under the circumstances, rules 4 and 14 are not unreasonable, arbitrary or capricious and I do not find them to be violative of section 233 of the Real Property Law. [88 Misc 2d 406.]